No. 29,685.

GOFFE & CARKENER, Incorporated, *Appellee*, v. C. E. HENNEBERGER, *Appellant*.

(294 Pac. 672.)

Opinion filed January 10, 1931.

*Herbert Howland,* of Atwood, for the appellant.

*C. L. Kagey, L. M. Kagey,* both of Beloit, and *J. P. Noble,* of Oberlin for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a promissory note given to plaintiff by defendant in settlement of a balance due on account for commissions on grain purchased and sold on the boards of trade of Kansas City, Mo., and Chicago, Ill. The defense was that the transactions were gambling transactions, and the consideration for the note was illegal. Plaintiff recovered, and defendant appeals.

The judgment was rendered on an agreed statement of facts. which reads:

"It is admitted by the plaintiff and the defendant that the defendant gave the note set out in plaintiff's petition, and that the consideration of the note was a balance due upon account between the defendant and plaintiff, said account being for grain purchased and sold by said defendant upon the board of trade of Kansas City, Mo., and Chicago, Ill.

"It is further agreed that the plaintiff, at all of the times that said account was running, was a member in good standing of the boards of trade at Kansas City, Mo., and Chicago, Ill., and that said boards of trade were operating under the authority of the federal grain futures trading act.

"It is further agreed that all the transactions in connection with the said accounts were for the orders given by the defendant to Carl Eddy, who was the agent of plaintiff, at Colby, Kan., and were by him transmitted to the office of plaintiff company at Kansas City, Mo., for execution, and that said orders were executed upon the boards of trade of Kansas City, Mo., or Chicago, Ill., by the plaintiff.

"It is further agreed that each and all of the items of said account were for commissions of plaintiff company for executing said orders.

"It is also agreed that the defendant, at the time said orders were given to the plaintiff through its agent at Colby, Kan., did not intend that the wheat which he was purchasing should be actually delivered to him under his contracts with the plaintiff, or that he was to actually receive wheat at the time he purchased same upon his orders to plaintiff.

"It is further agreed that each and all of the transactions between the defendant and the plaintiff were for grain to be sold or bought upon the market, and that said contracts for the purchase were executed in the manner hereinbefore stated.

"It is further agreed that each and every order, either for sale or to be bought, was closed out before the time specified for the delivery at the time said contracts were made, and that no grain was actually delivered to the defendant, and defendant did not actually deliver any grain to the plaintiff, and the sum set out in the note sued on was the actual balance due upon said contracts when all of said contracts were closed out."

The judgment was correct under the decision of this court in the case of *State, ex rel., v. Rosenbaum Grain Co.,* 115 Kan. 40, 222 Pac. 80. The defense was based on R. S. 50-121 and following sections. Those sections of the statute were the basis of the action in the Rosenbaum case.

The agreed statement of fact shows the transactions occurred in the course of interstate commerce regulated by congress. The orders to buy and sell were executed on the boards of trade of Chicago and Kansas City, and no fact is presented indicating violation of any contract market rule, or federal regulation.

Defendant's own intention not to receive or deliver was specifically considered in the Rosenbaum case, and the court concluded as follows:

"They were transactions affecting interstate commerce regulated by the grain futures act, and it is not for the court or the legislature of this state to approve or disapprove contract market rules and practices which are subject to federal supervision." (p. 48.)

This statement answers defendant's argument relating to power of the state to regulate "gambling" in grain futures, as exemplified in the transaction which resulted in execution of the note sued on

The judgment of the district court is affirmed.